RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/3/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE ROJAS (#487432) | DOCKET NO. 13-CV-11; SEC. P |
| VERSUS | JUDGE DRELL |
| AVOYELLES CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Jose Rojas, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 3, 2013, and an amended complaint pursuant to the order of the Court on March 6, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("DOC"), and he is incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, La. He seeks monetary damages for injuries inflicted by another inmate. He names as defendants AVC, Captain Paul Wilson, and Sgt. B. Dobbins, and he claims that they failed to protect him from harm inflicted by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleged that on the evening of August 18, 2012, he was attacked by another inmate, Johnathan Laws. [Doc. #1] Plaintiff states that he informed Sgt. Dobbins and Capt. Wilson a few days prior to the attack that Laws was "an enemy from the streets", and that he would like to be placed in protective

custody. [Doc. #9]  The officers pointed out that Plaintiff was already in a cell by himself and said that he would be all right. [Doc. #9]

On the evening of August 18, Sgt. Dobbins opened Plaintiff's cell door to give Plaintiff his mattress for the evening. Plaintiff continued to read his book, but noticed that Sgt. Dobbins did not close the cell door completely.  [Doc. #1, 9]  Moments later, Plaintiff noticed Inmate Laws walking past Plaintiff's cell heading to the shower area. [Doc. #1, p.3, #9, p.2] Plaintiff says that he hollered for the officer to close his cell door, but it remained open.  [Doc. #9, p.2]  Laws returned and the inmates made eye contact.  Laws stated, "You know what's up!", and "out of fear [Rojas] jumped on him grabbing him to prevent him from harming [Rojas]...."  The inmates fell to the floor, and "a few punches were thrown."  Sgt. Dobbins, Capt. Wilson, and another officer entered the tier and restrained the inmates.

Plaintiff received a disciplinary write-up for fighting. Apparently, he admitted the charges against him and pled guilty. [Doc. #10, p.2] He was sentenced to 10 days forfeiture of good time and 10 days disciplinary detention.  [Doc. #10, p.2]

In his original complaint, Plaintiff alleged that he injured his left eye and suffered headaches as a result of the incident. In an amended complaint, Plaintiff states that his head, right arm, and his left eye were injured.  He claims that Nurse Brittany went

2

to check on him after the fight, and he complains that he was charged $6.00 for the examination. He also complains about being charged for follow-up visits and pain medication.

### *Law and Analysis*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful," "fantastic," and "delusional." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)(citing Neitzke v. Williams, 490 U.S. 319

(1989)). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *accord* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff complains that the defendants failed to protect him from harm inflicted by another inmate. It is clear that the federal constitution imposes on the state a duty to provide "both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996)(en banc). Nevertheless, in the instant case, Plaintiff's failure-to-protect claim is frivolous, as Plaintiff admits that he was the assailant. In the alternative, the claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

First, in his amended complaint, Plaintiff admits that *he* "jumped on" the other inmate first, albeit as a sort of preemptive strike. [Doc. #9, p.2] Thus, Plaintiff was actually the attacker. Also, he admitted the disciplinary charges against him and plead guilty. [Doc. #10, p.2] Plaintiff's complaint is frivolous.

Even if Plaintiff had not made such an admission, the fact remains that he was convicted of a disciplinary violation of fighting involving the incident with the other inmate. [Doc. #10,

p.2] In <u>Heck v. Humphrey</u>, the Supreme Court held that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994)(footnote omitted); <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)(extending <u>Heck</u> to prison disciplinary proceedings). "A 'conviction,' for purposes of <u>Heck</u>, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998). Claims barred by <u>Heck</u> are legally frivolous. <u>See</u> <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102 (5th

Cir. 1996).

As Plaintiff acknowledged in his amended complaint and exhibit, he was charged with, plead guilty to, and was convicted of fighting stemming from this incident. [Doc. #9 & 10] For Plaintiff to prevail on his failure-to-protect claim, this Court would have to find that plaintiff was in fact attacked by the other inmate. First, such a finding is contrary to Plaintiff's allegations. Second, such a finding would necessarily imply the invalidity of his disciplinary convictions because the conviction has not been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Either way, Plaintiff's complaint is frivolous.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely

objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 3rd day of May, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE